UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARVIN A. KATZ, ELOISE
DABNEY, RICKY TATE, PATRICIA
A. JACKSON, NYRA HOROWITZ,
PAMELA RICHARD BROWN,
HARRIET GEYER, ANNETTE
SHIRLEY MAIR, LEWIS JIM SEIDEN,
and PHYLLIS SEIDEN,

      Plaintiffs,

vs.

MRT HOLDINGS, LLC, MRT LLC,
JAMES CLEMENTS, ZEINA SMIDI, and
ANN B. BRADSHAW,

      Defendants.
_____/

CASE NO.: 07-61438

CIV-COHN

MAGISTRATE JUDGE
SELTZER

FILED by _____ D.C.
INTAKE
OCT - 9 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

**CLASS ACTION COMPLAINT FOR SECURITIES FRAUD AND FOR THE
SALE OF UNREGISTERED SECURITIES**

It appears to Plaintiffs, and Plaintiffs allege that:

**OVERVIEW OF DEFENDANTS FRAUDULENT SCHEME**

1.    This class action arose when Defendants MRT Holdings, LLC ("MRT Holdings"); MRT LLC ("MRT"); James Clements ("Clements"); Zeina Smidi ("Smidi"); and Ann B. Bradshaw ("Bradshaw"); and others fraudulently offered unregistered securities for sale in a classic Ponzi scheme.

2.    Defendants did this in violation of the registration and anti-fraud provisions of the federal securities laws. The scheme is based upon investors' purported "loans" to MRT for MRT to trade foreign currency futures offshore with Swiss banks,

1

and has raised, according to Defendants' own admissions, at least $50 million from several hundred investors.

3. MRT solicits "loans" or "investments" from unsuspecting investors for the purported purpose of trading "FOREX" futures and options. In exchange for this investment, MRT promised and, in some cases, has paid rates of interest from about twelve percent annually (12%) to as high as over eleven percent (11%) a month.

4. MRT's investment program operated as a Ponzi scheme, *i.e.*, a scheme whereby returns are paid to investors from monies contributed by later investors.

5. The investments constitute investment contracts, and therefore, qualify as securities under Section 2(a)(1) of The Securities Act of 1933, 15 U.S.C. § 77b(1)(1), and Section 3(a)(10) of The Securities Exchange Act of 1934, 15 U.S.C. § 78(a)(10).

6. No registration statement has ever been filed in connection with the investment contracts offered and sold by Defendants, and no exemption from registration applies. Few, if any, of the purchasers or offerees qualified as accredited investors under the federal securities laws.

7. Defendants issued materials and made statements to investors that MRT's FOREX trading activities are a profitable business. Clements and Bradshaw have repeatedly represented to investors that MRT is a profitable business. But, in fact, MRT; Clements; Bradshaw; and others are operating in the manner of a Ponzi scheme and are suffering huge losses from whatever business operations they are engaged in.

8. MRT depends upon the sale of new investment contracts to meet its current financial obligations, such as interest payments and capital refunds to current investors.

9. MRT does not now possess the financial resources to make interest payments to current investors. In fact, some of the named plaintiffs here have not received any payments since April 2007.

10. Based upon the foregoing, Plaintiffs immediately seek an order prohibiting the destruction of documents, preliminary and permanent injunctions, accountings, disgorgement, together with prejudgment interest against MRT, Clements, and Bradshaw, and an asset freeze as to Clements and Bradshaw, based upon the Defendants' flagrant violations of Sections 5(a), 5(c), 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a), 77e(c), 77o and Sections10(b) and 20(a) of The Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

## JURISDICTION AND VENUE

11. Plaintiffs bring this action under Sections 5(a), 5(c), and 15 of the Securities Act, Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5.

12. This Court possesses subject matter jurisdiction under 28 U.S.C. § 1331, Securities Act § 22(a), 15 U.S.C. § 77v(a), and Exchange Act § 27.

13. The Defendants, directly and indirectly, made use of the mails, telephones, and internet, to effect their fraudulent scheme.

14. Certain acts, misstatements, and courses of business that violated the Securities Act and the Exchange Act have occurred in the Southern District of Florida. MRT maintained or maintains its principal place of business at 7744 Peters Road, Suite 119, Plantation, Florida 33324.

15. The Defendants, unless restrained or enjoined by this Court, will continue to violated the federal securities laws, to the great detriment of the class members.

## THE DEFENDANTS

16. MRT Holdings, it is believed, is a ficticious name for MRT, LLC, which is an LLC, organized under the laws of the State of Florida. MRT Holdings and MRT maintain their principal places of business at 7744 Peters Road, Suite 119, Plantation, Florida 33324.

17. MRT, LLC is an entity organized under the laws of the State of Florida. Its registered agent is listed on www.sunbiz.org as Accupay Services Corporation, 4801 South University Drive, Suite 300, Davie, Florida 33328.

18. James Clements resides at 3771 State Road 84, #203, Plantation, Florida 33324. According to MRT's listing on www.sunbiz.org, Clements serves as a manager for MRT. In addition to being a primary violator, Clements acts as a controlling person under Securities Act § 15 in the offering and sale of unregistered securities.

19. Zeina Smidi resides at 721 North Pine Island Road, Apt. 305, Plantation, Florida 33324. According to MRT's listing on www.sunbiz.org, Smidi serves as a manager for MRT. In addition to being a primary violator, Smidi acts as a control person under Securities Act § 15 in the offering and sale of unregistered securities.

20. Ann B. Bradshaw is a suspended member of the Florida Bar, Florida Bar No. 84850. Bradshaw resides at 5364 S.W. 150 Terrace, Miramar, Florida in an exclusive, gated community called "Reserve at Huntington." On one occasion, Bradshaw received at least $170,000 in proceeds from illegal securities offerings from purchasers of

MRT's unregistered securities. In addition to being a primary violator, Bradshaw acted as a control person under Securities Act § 15.

## THE PLAINTIFFS

21. Marvin A. Katz, who is 80 years old and retired from the United States Navy after a career as a naval aviator, resides in Boyton Beach, Florida. Katz invested approximately $22,000 of his retirement savings with MRT. Mr. Katz has not received his interest payment for September, 2007, nor has he received the return of part of his principal investment that he has repeatedly requested and that he needs to pay for medical expenses.

22. Eloise Dabney resides in Pembroke Pines, Florida. She invested $8,000 of her money with MRT.

23. Ricky Tate resides in Pembroke Pines, Florida. He invested about $90,000 of his money with MRT. Mr. Tate has not received any interest payments in at least five months, despite making repeated requests for his payments.

24. Patricia Jackson resides in Miami, Florida and invested significant funds with MRT.

25. Nyra Horowitz resides in Boyton Beach, Florida and invested significant funds with MRT.

26. Pamela Richard Brown resides in Miami, Florida and invested significant funds with MRT.

27. Harriet Geyer is a retired widow. She resides in Boyton Beach, Florida and invested $140,000, fully one-half of her retirement savings, with MRT. MRT

promised Geyer twenty-four percent (24%) interest but has failed to meet its obligations to Geyer.

28.     Annette Shirley Mair resides in Lake Worth, Florida and invested significant funds with MRT.

29.     Lewis J. Seiden and Phyllis Seiden reside in Boyton Beach, Florida and invested significant funds with MRT.

## FACTS

30.     Beginning in or about March, 2006 through the present, MRT, under Clements's direction, offered promissory note investments to the general public. The investments were offered for the purpose of allowing MRT to trade in foreign currencies, purportedly through unidentified Swiss banks. In return for this investment capital, MRT and the individual defendants promised investors fixed rates of return as high as over one hundred percent (100%) annually, payable in monthly interest payments.

31.     The investments were sold through various means, including direct solicitations by Clements and Bradshaw; internet advertising; sales meetings held in Tennessee; and through a pyramid marketing scheme.

32.     MRT purports to manage its FOREX trading activities.

33.     MRT, the individual defendants, and yet-unnamed co-conspirators have used the United States mails, telephones, and the internet to market their investment contracts.

34.     MRT operates a website, www.mrt.moonfruit.com, which contains statements like "MRT is a[n] international management company that specializes in many different products and services. We currently offer two different types of accounts,

including a CD style account and a Savings style account. Our diversified portfolio includes stocks, bonds, currency trading, credit derivatives, arbitrage, metals, and real estate. Our bankers, traders and financial advisors are all employed by of affiliated with Swiss banks."

35. The website offers a brief description of MRT and brief descriptions of MRT's purported business. Both are false and falsely represent as follows:

> MRT Holdings can receive, manage, and invest third party Funds. It can conduct business with clients worldwide through the internet. * * * MRT Holdings offers savings accounts, investment accounts, brokerage services, and asset protection services. * * * Our diversified portfolio includes stocks, bonds, currency trading, credit derivatives, arbitrage, metals, and real estate. One investment strategy used is Algorithms. Algorithms is a mathematical computerized technology that provides significant benefits in investing and trading applications, such as, stock prices, determining asset allocation, forecasting portfolio changes and prediction of foreign exchange rates. * * * Our bankers, traders and financial advisors are all employed by or affiliated with Swiss banks. Each one holds the proper credentials to meet Swiss law and the banks['] requirements. They are all CFA's (Certified Financial Advisors) and/or CAIA's (Chartered Alternative Investment Analysts) and hold a BA and MBA.

36. In March 2007, MRT sent out a letter to its current investors. The letter continued to mislead investors by saying, for example, "MRT LLC [h]as had two great years in our currency trading accounts." That letter is attached hereto as Exhibit A and is incorporated herein by reference.

37. During a personal meeting at Shells Restaurant with investors like Plaintiff Ricky Tate, Defendant Clements repeated statements that he, Bradshaw, and MRT has made to the public at large through MRT's website. During this April 2006 meeting at Shells Restaurant, Clements knowingly and falsely stated that MRT traded in foreign

7

currencies outside of the United States and did so through Swiss banks, which he never identified. Clements also said that investors' interest payments depended entirely upon the efforts and success of MRT's activities in trading currency options and various securities. Clements further misrepresented that MRT's activities were profitable.

38. During sales meetings, held in Tennessee, Bradshaw and Clements promised potential investors that investors could become millionaires if the investors purchased MRT's investment contracts.

39. In fact, all of the statements alleged herein were false and misleading when those statements were made by the Defendants. In fact, MRT's trading activities, if any occurred at all, caused MRT to incur huge losses. MRT was not profitable. It was, in fact, a classic Ponzi scheme that offered and sold unregistered investment contracts.

40. Defendants also knowingly misled investors to believe that their offering of investment contracts was, in all respects legal, when, in fact, Defendants knew it was not.

41. MRT has consistently been dependent upon new investors to fund its current obligations to investors.

42. MRT's true financial condition and its total dependency upon new investors has not been revealed to the class.

43. The Class has reasonably relied on Defendants' misstatements identified herein, and the misstatements and wrongs complained of herein are both the direct and proximate cause of the class's financial losses.

## CLASS ALLEGATIONS

44.  The Class are purchasers of MRT's investment contracts.

45.  The Class Period runs from March 1, 2006 through the present.

46.  Plaintiffs bring this lawsuit as a federal class action under Rules 23(a) and 23(b)(3) on behalf of all purchasers of MRT's investment contracts, who purchased during the Class Period, and who were damaged thereby. Excluded from the Class are the Defendants, MRT's officers, executives, and members of their immediate families, their legal heirs or representatives, successors or assigns, or any entities in which Defendants have or had a controlling interest.

47.  The members of the Class are so numerous that joinder of all putative members would not be practical.

48.  Plaintiffs' claims are typical of all class members in that all class members are similarly harmed by Defendants' willful and intentional violation of the federal securities laws.

49.  Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel experienced in prosecuting federal securities class action litigation.

50.  Common questions of law and fact exists and predominate over any individual legal or factual questions. Those common questions include:

    (a) Whether Defendants' conduct violated the federal securities laws, as alleged herein;

    (b) Whether Defendants offered and sold unregistered securities;

(c) Whether Defendants' statements to the investing public during the Class Period materially misrepresented MRT's business and financial condition;

(d) To what extent the Class suffered damages, and whether the Class stands entitled to rescind their transactions with MRT.

51. A Class Action presents the superior means to all other means of resolving the Class's claims against Defendants.

## SCIENTER ALLEGATIONS

52. As alleged herein, Defendants acted intentionally or with deliberate recklessness in that they knew their securities were unregistered and that the statements they disseminated to the investing public were false when made.

53. Defendants were motivated to engage in this fraudulent conduct because, it is believed, that Defendants, as is the case in every Ponzi scheme, financed extravagant lifestyles for themselves from the proceeds of their illegal securities offerings.

## COUNT I—VIOLATIONS OF SECURITIES ACT SECTION 5(a)

54. Plaintiffs here incorporate by reference paragraphs 1 through 55.

55. From at least March 1, 2006 through the present, Defendants, directly and indirectly, singly and in concert, have, and unless enjoined will continue to abuse the instrumentalities of interstate commerce to offer and sell unregistered securities in unexempt offerings to the general public.

## COUNT II—VIOLATIONS OF EXCHANGE ACT
## SECTION 10(b) AND RULE 10b-5

56. Plaintiffs here incorporate by reference paragraphs 1 through 55.

57. During the Class Period alleged herein, Defendants have employed schemes, and devices to make material and misleading statements of fact, and have omitted to state material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; and

58. Defendants have engaged in practices and a course of business that has operated as a fraud and deceit upon all Class Members.

59. Defendants knowingly, or with deliberate recklessness, engaged in the violations of the federal securities laws described herein, and they knowingly, or with deliberate reckless, made the misstatements alleged herein.

60. The Defendants, via their website and wide dissemination through public meetings, perpetrated a fraud upon the market.

61. Further, the Class reasonably relied on Defendants' statements to them and purchased MRT's unregistered securities, and now, have suffered great financial loss because of that reliance.

## COUNT III—CONTROL PERSON LIABILITY UNDER SECURITIES ACT § 15
## AGAINST DEFENDANTS CLEMENTS, SMIDI, and BRADSHAW

62. Plaintiffs incorporate here by reference paragraphs 1 through 55.

63. Defendant Clements, through his position as a manager for MRT, possessed the power and authority to cause MRT, through its website, to offer unregistered securities for sale in a Ponzi scheme to the investing public.

64. Defendant Smidi, through her position as a manager for MRT, possessed the power and authority to cause MRT, through its website, to offer unregistered securities for sale in a Ponzi scheme to the investing public.

65. Defendant Bradshaw, through her senior position with MRT, possessed the power and authority to cause MRT, through its website, to offer unregistered securities for sale in a Ponzi scheme to the investing public.

66. By reason of such conduct, the individual defendants are here liable under Securities Act § 15.

## COUNT IV—CONTROL PERSON LIABILITY UNDER EXCHANGE ACT SECTION 20(a) AGAINST DEFENDANTS CLEMENTS, SMIDI, and BRADSHAW

67. Plaintiffs here reincorporate paragraphs 1 through 55.

68. Defendant Clements, through his position as a manager for MRT, possessed the power and authority to cause MRT, through its website, to offer unregistered securities for sale in a fraudulent Ponzi scheme to the investing public. He controlled, authored, or approved the false and misleading statements MRT publicly made.

69. Defendant Smidi, through her position as a manager for MRT, possessed the power and authority to cause MRT, through its website, to offer unregistered securities for sale in a fraudulent Ponzi scheme to the investing public. She controlled, authored, or approved the false and misleading statements MRT publicly made.

70. Defendant Bradshaw, through her senior position with MRT, possessed the power and authority to cause MRT, through its website, to offer unregistered

securities for sale in a fraudulent Ponzi scheme to the investing public. She controlled, authored, or approved the false and misleading statements MRT publicly made.

71. By reason of such conduct, the individual defendants are here liable under Exchange Act § 20(a).

WHEREFORE, Plaintiffs demand injunctive relief; appointment of a receiver; an order appointing them Lead Plaintiffs; an order certifying the Class; a jury trial on all issues so triable; an order awarding them rescission for the unregistered securities sold to them by Defendants; and an award of damages, including a reasonable attorney's fee.

DATED: October 5, 2007.

SONN & EREZ, PLC

Jeffrey R. Sonn, Esq.
Florida Bar No. 773544
jsonn@sonnerez.com
500 East Broward Blvd., Suite 1600
Fort Lauderdale, FL 33394
(954) 763-4700
(954) 763-1866 (facsimile)

# EXHIBIT A

# MRT HOLDINGS

Eloise Dabney
16420 N.w 18th Street
Pembroke Pines, FL 33028

Dear Friends, Clients, and Referral Account Managers,

MRT LLC Has had two great years in our currency trading accounts. We first started out with a backyard BBQ idea and shared "The Secret" movie concept with you. We knew as a team of friends and family that we were working toward something great.

We did it, we have grown into a $50,000,000.00 success. MRT HOLDINGS is proud and thankful for our great success. Over these past years we continued to deliver your interest rate to each one of you even though there were some extremely lean months in currency trading. We knew we had to keep our commitments and promises to you as a lender to our company. We've had a great run, and have gained substantial financial rewards. Time and the economic markets are changing and so is our companies' philosophy.

For those of you that follow the stock market and Wall Street, economic reports are mixed and have had their seesaw days. The world picture has changed along with our global emerging markets. We have hired advisors, consultants to help us make a prudent, responsible decision for our company and for you as a financial lender to our company.

We have been in transition for the last 6 months. We shared with you in our last letter that we have gone off shore. **MRT HOLDINGS is a licensed international capital management firm that is based in Nassau.** As with many other large corporations and companies, we feel this is the most productive and the best financial move for you and our company. It allows us to be a capital diversified company, to guard your assets and give all of us financial privacy.

Our company has chosen to use the experience of Switzerland's oldest, highly professional, prestigious and prolific Swiss banking services. So many companies, corporations, rich investors, and the wealthiest people of the world have been invested overseas for years. We want our money working with the best Swiss Banks in Switzerland and advisors.

MRT HOLDINGS is entering into a new journey with the same ideals, reliability, commitments, responsibility, and focus. We have been advised to exit the risky market of currency trading and we began searching for a high yielding product that also offered a high level of security.

We introduce to you our Fixed Rate Account which **assigns a promissory note to your principal and as history dictates, pays up to 25% a year. The Fixed Rate Account** has an option for renewal every year and funds may be withdrawn once the note has expired (12 months).

We also offer a **High Yield Savings Account which pays up to 15% a year.** The Savings Account allows for withdrawals monthly.

**July 1st will be the last statement with your present interest rate with MRT LLC. As of this date, all accounts will be automatically transferred to MRT Holdings in a High Yield Savings Account.** We urge you to complete the new product forms that we have provided you with. This will assure you a smooth and rapid transfer. We want your money to keep working and earning great returns for you.

Completing your transfer is easy:

1. Fill out the forms included and return to us at 7744 Peters Road #119, Plantation FL 33324.
   <u>Note: On Transfer Agreement Form, please include your 7/1/7 Balance.</u>
2. Request a promissory note at www.mrtholdings.com.pa.  (Click on Deposits) and complete the online form. A promissory note will be emailed to you within 48 hours. Complete and return the note to the address above.

**Please note**:

If you want monthly disbursements, be sure not to put all your funds in our Fixed Rate account. You might want to open High Yield Savings account as well for your disbursements.

All future deposits MUST meet the minimum required deposit amount stated from the MRT HOLDINGS website under that account type. The minimum amount required to open an account is $1,000.00 for the High Yield Savings Account and $5,000.00 for the Fixed Rate Account.

Your letters of gratitude, inspiration, and joy have made a difference, and warmed our hearts.
We look to the future with you as our client, to keep our goals and financial prosperity on course.

Sincerely,

The MRT Support Team
Jim Clement and Zeina Smidi


Attachment: NEW ACCOUNT APPLICATION, TRANSFER AGREEMENT

# EXHIBIT A

# CIVIL COVER SHEET

**JS 44** (Rev. 11/05)

**MAGISTRATE JUDGE SELTZER**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
MARVIN A. KATZ; ELOISE DABNEY; RICKY TATE; PATRICIA A. JACKSON; NYRA HOROWITZ; PAMELA RICHARD BROWN; HARREIT GEYER; ANNETTE SHIRELY MAIR; LEWIS JIM SEIDEN; nd PHYLLIS SEIDEN

**(b)** County of Residence of First Listed Plaintiff ____ PALM BEACH ____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey R. Sonn, Sonn & Erez, PLC, 500 East Broward Blvd., # 1600
Fort Lauderdale, FL 33394
(954) 763-4700

**CIV-COHN**

## DEFENDANTS
MRT HOLDINGS, LLC; MRT, LLC; JAMES CLEMENTS; ZEINA SMIDI; and ANN B. BRADSHAW

County of Residence of First Listed Defendant ____ BROWARD ____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**07-61438**

FILED by ___ D.C.
INTAKE
OCT - 9 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:07CV61438-Cohn-BSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via 10 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
DATE Oct 9, 2008

FOR OFFICE USE ONLY
AMOUNT 350 RECEIPT # _____ IFP _____

541210