UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61438-CIV-COHN/SELTZER

MARVIN KATZ, et al., on behalf of himself
and all others similarly situated,

SCANNED

        Plaintiffs,

v.

MRT, LLC; MRT HOLDINGS, LLC;
JAMES R. CLEMENTS; and
ZEINA O. SMIDI,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE DEFAULTS

**THIS CAUSE** is before the Court upon a Motion to Set Aside Defaults, filed by

Defendants MRT Holdings, LLC, James Clements, and Zeina Smidi [DE 31].  The Court

has considered the Motion, Plaintiff's Response in Opposition [DE 33], Plaintiff's

Supplemental Response [DE 34], and the arguments and testimony presented at a

hearing held on June 5, 2008, and is otherwise fully advised in the premises.

The Defendants seek an Order from the Court setting aside the Court's previous

entry of default against each of them.  Defendants rely primarily on the argument that

they were unrepresented by counsel until recently, and as *pro se* litigants unfamiliar

with the judicial system and unable to afford representation, they were unable to comply

with the Court's orders or to file an answer to the Complaint.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an

entry of default for good cause, and it may set aside a default judgment under Rule

60(b)."  The standard for setting aside an entry of default and the standard for setting

aside an entry of default judgment are different from one another.  Courts apply an "excusable neglect" standard in evaluating whether or not to set aside a default judgment, but this standard is more rigorous than the "good cause" standard applied in setting aside an entry of default.  Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC, 896 F.2d 524, 528 (11th Cir. 1990).  Thus, although the parties make reference to the "excusable neglect" standard throughout their briefing on this matter, the Court clarifies that it is applying the "good cause" standard applicable on a motion to set aside an entry of default.

"Good cause" has been described as a "mutable standard, varying from situation to situation," Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), and although "it is not susceptible to a precise formula, [ ] some general guidelines are commonly applied." Compania Interamericana Export-Import v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  A court may consider such factors as whether the default was willful, whether setting aside the default would prejudice the adversary, and whether the defaulting party presents a meritorious defense.  Compania Interamericana, 88 F.3d at 951.  Other factors that may be considered include whether the public interest is implicated, whether there is significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Id.  However, the Eleventh Circuit has emphasized that "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief."  Id.  Because the Court finds such an intentional or reckless disregard for the proceedings in this case on the part of each Defendant, the Court concludes that the requested relief should be denied.

With respect to Defendants James Clements and MRT Holdings,[1] the intentional or reckless disregard is readily apparent.  Both Clements and MRT Holdings were served with the Complaint on November 1, 2007.  Clements then waited over two months before he filed Motions for Extension of Time to Answer on behalf of both himself, on January 4, 2008, and MRT Holdings, on January 7, 2008.  Nonetheless, the Court gave Clements and MRT an opportunity to answer, and granted an extension of time until February 1, 2008 for each of them to file a responsive pleading.  Nothing further was filed by either party, and default was entered on March 21, 2008 upon a motion by the Plaintiff.

Mr. Clements provided testimony at the hearing on his Motion to Set Aside Default, but his testimony only further reinforced the Court's conclusion that he had acted with willful disregard for these judicial proceedings in failing to answer the Complaint.  Clements testified that he felt it would not be advisable to defend the case without the assistance of an attorney.  However, he did in fact retain an attorney in November 2007 and filed responsive pleadings on behalf of himself and MRT in a related case before the Court, Kramer v. MRT (Civil Case No. 07-80931).  Thus, any failure to defend the instant case cannot be blamed on inability to retain counsel, when the record clearly shows that Clements was represented by counsel on a nearly identical matter.  Clements also testified that he was informed by "sources" that the two related cases had not been properly filed and would have to be merged, or that one or

---

[1] Because Clements acted as the corporate representative for MRT Holdings, his actions are imputed to the corporation, and the Court treats Clements and MRT the same.

both of the cases would have to be dismissed. However, speculation about the possible disposition of a case does not obviate the requirement that a Defendant respond to the Complaint. Similarly, although Mr. Clements testified that he believed he had not been properly served with the Complaint,[2] this presents no defense to his failure to file a responsive pleading. Any arguments that the related cases should be consolidated or dismissed, or that the service of process was insufficient in some way, should have been raised in a responsive pleading and do not justify simply refusing to participate in the litigation.

Clements also asserts that his failure to respond to the Complaint was not willful or intentional because he does not recall receiving the various Orders of the Court. However, throughout this litigation, the Court has made a practice of not only depending upon the CM/ECF system to provide printed copies of all Orders entered to the parties, but also of sending copies of Orders directly to the *pro se* litigants to ensure receipt. In light of the fact that all Orders entered in this case were likely mailed twice to Mr. Clements, the Court finds his claims that he did not receive them entirely lacking in credibility. Furthermore, Mr. Clements was under an obligation to stay apprised of the status of the litigation pending against him. Even if he had not received the Court's orders, it would not excuse the assumption that he had an indefinite period of time to respond to the litigation absent any indication to the contrary from the Court. Clements acknowledged receiving a copy of the Complaint, and that is all that was required to make him aware of his obligation to respond to the Complaint. His failure to do so was

---

[2] Substitute service of the Complaint on Mr. Clements' sixteen-year-old son was proper service under applicable Florida law.

4

willful and intentional, and thus, the Court sees no basis whatsoever on which to vacate the entry of default against either Clements or MRT Holdings.

Ms. Zeina Smidi presents a more difficult case, but on balance, the Court concludes that she too has failed to show good cause for her failure to respond to the Complaint.  Ms. Smidi did act with more diligence than Mr. Clements in requesting extensions of time to respond to the Complaint.  However, she was also provided with ample opportunity to comply with the Court's Orders.  The Court even granted her Motion to Set Aside Default and gave her an additional extension of time to file a responsive pleading until April 11, 2008, but instead of filing a responsive pleading, Ms. Smidi filed yet another Motion for Extension of Time.

Smidi testified at the hearing that as a non-lawyer, she did not know that a Motion for Extension of Time did not constitute a "response" to the Complaint, but the Court finds this claim to be lacking in credibility.  Ms. Smidi was receiving assistance from both a friend who was a trained paralegal and from Ms. Inger Garcia, an attorney who ultimately entered an appearance on behalf of Smidi and the other Defendants in this action, and who was defending Clements and MRT in the related Kramer case. Smidi managed to file several motions in this case, including Motions for Extensions of Time and a Motion to Set Aside Default.  In the Kramer case, Smidi was able to alter and adopt pleadings submitted by Garcia on behalf of Clements and MRT and file them on her own behalf.  All these actions indicate an ability to understand and participate in the proceedings that is well above the ability she would have the Court believe she possesses.  Finally, the Order granting her Motion to Set Aside Default directed her to file an Answer or otherwise respond to the Complaint by the deadline, and stated in

very clear language "[t]his is the final extension of time that will be granted, and a failure to respond to the Complaint on or before this date will result in an entry of default against Defendant Zeina Smidi that this Court will not subsequently set aside." (Order, p.2 [DE 22].) A plain reading of this language would indicate to any reader that the one document that would not be acceptable to the Court would be another Motion for Extension of Time.  Thus, the Court concludes that Ms. Smidi's claim that she believed her Motion for Extension of Time was a response to the Complaint is lacking in credibility.

After considering all the evidence, the Court concludes that Ms. Smidi's failure to file a responsive pleading in this case was willful, and that relief from default should not be granted for the second time in this case.  The Eleventh Circuit has explained that "[m]ost failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process.  However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." Compania Interamericana, 88 F.3d at 952.  The Court did provide Ms. Smidi with ample opportunity over the course of five months to participate in this litigation and respond to the Complaint.  Despite this opportunity, Ms. Smidi failed to effect any compliance with the Court's orders.  Regardless of whether or not Ms. Smidi intended not to comply or intended to convey some disrespect to the Court, her failure to comply is deemed willful.  Accordingly, the Court declines to set aside this second entry of default against Ms. Smidi.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Set Aside Defaults [DE

31] is **DENIED**.

        **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this _10ᵗʰ_ day of June, 2008.

                                          JAMES I. COHN
                                          United States District Judge

Copies provided to:

Counsel of record