UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61438-CIV-COHN/SELTZER

MARVIN KATZ, et al., on behalf of himself
and all others similarly situated,



   Plaintiffs,

v.

MRT HOLDINGS, LLC, JAMES R.
CLEMENTS, and ZEINA O. SMIDI,

   Defendants.
_____/

## ORDER GRANTING MOTION FOR CLASS CERTIFICATION

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Certify Class Action
[DE 26] ("Motion").  The Court has carefully considered the Motion, the record in this
case, the oral argument of counsel and is otherwise advised in the premises.

### I. BACKGROUND

This case is a putative class action alleging claims of securities fraud and the
sale of unregistered securities.  The Complaint claims that Defendants "fraudulently
offered unregistered securities for sale in a classic Ponzi scheme."  Compl. ¶ 1.
Allegedly, Defendants solicited loans from investors for two inter-related entities MRT,
LLC and MRT Holdings, LLC (together, "MRT") ostensibly to enable MRT to trade
foreign currency futures offshore with Swiss banks.  Id. ¶ 2.  The Complaint alleges that
Defendants misled investors with false representations of MRT's success in order to
solicit investments when, in fact, Defendants "are suffering huge losses from whatever
business operations they are engaged in."  Id. ¶ 7.  "In exchange for this investment,

MRT promised and, in some cases, has paid rates of interest from about twelve percent annually (12%) to as high as over eleven percent (11%) a month." Id. ¶ 3.  Plaintiffs allege that "MRT's investment program operated as a Ponzi scheme, i.e., a scheme whereby returns are paid to investors from monies contributed by later investors." Id. ¶ 4.

The Complaint was filed on October 9, 2007.  After months of inactivity on the part of Defendants, the Court granted Plaintiffs' Motion for Entry of Default against Defendants MRT Holdings, LLC, James R. Clements and Zeina O. Smidi on March 21, 2007.  In the same Order, the Court dismissed the action, without prejudice, against Defendants MRT, LLC and Ann B. Bradshaw for failure to effect service.  On May 30, 2008, Defendants MRT Holdings, LLC, Clements and Smidi filed a Motion to Set Aside Defaults.  Plaintiffs opposed the motion and the Court held a hearing on this matter on June 5, 2008.  Ultimately, the Court found that Defendants failed to show "good cause" for their failure to respond to the Complaint.  Accordingly, the Court denied Defendants' Motion to Set Aside Defaults on June 10, 2008.

Plaintiffs' Motion for Class Certification was filed on April 25, 2008.  The Motion was stayed on May 20, 2008 to allow Defendants to contest the entry of defaults.  On September 18, 2008, the Court held a hearing on Plaintiffs' Motion, at which time the Court heard argument of counsel.  At the hearing, the Court granted Defendants' Counsel request for leave to submit a written response opposing whether Plaintiffs' Motion satisfied the numerosity requirement.  To date, Defendants have failed to file any opposition to Plaintiffs' Motion.

## II. DISCUSSION

Plaintiffs seek class certification pursuant to Rule 23 of the Federal Rules of Civil

Procedure.  Rule 23 provides in pertinent part:

> (a) **Prerequisites**.  One or more members of a class may sue or be sued as
> representative parties on behalf of all only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims
> or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the
> class.
>
> (b) **Types of Class Actions**.  A class action may be maintained if Rule 23(a) is
> satisfied and if:
>
> . . .
>
> (3) the court finds that the questions of law or fact common to class
> members predominate over any questions affecting only individual
> members, and that a class action is superior to other available methods
> for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23.  An action may be maintained as a class action only if all four

prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the

three subsections of Rule 23(b) are also met.  Heaven v. Trust Co. Bank, 118 F.3d 735,

737 (11th Cir. 1997); see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997).

In deciding whether to certify a class, a district court has broad discretion.

Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566 (11th Cir. 1992).

Although a district court is not to determine the merits of a case at the certification

stage, sometimes "it may be necessary for the court to probe behind the pleadings

before coming to rest on the certification question." Id. at 1560 n.11.  A class action

may only be certified if the court is satisfied, after a rigorous analysis, that the

3

prerequisites of Rule 23 have been met.  Gilchrist v. Bolger, 733 F.2d 1551, 1555 (11th

Cir. 1984).  The burden of establishing these requirements is on the plaintiff who seeks

to certify the suit as a class action.  Heaven, 118 F.3d at 737 (citing Gilchrist, 733 F.2d

at 1556; Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1038 (5th Cir.

1981)).  This burden is not eliminated due to the fact that the Defendants in this case

are in default.  See Leider v. Ralfe, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003)

(stating "'the default judgment does not change the fundamental analysis this court

must undertake in deciding whether to certify the class.'") (quoting Trull v. Plaza

Assocs., 1998 WL 578173, at *1 (N.D. Ill. Sept. 3, 1998)).

## A.  **Rule 23(a) Requirements**

### 1.  Numerosity

The first requirement of Rule 23(a) is that the class must be "so numerous that

joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The focus of the

numerosity inquiry is not whether the number of proposed class members is "too few" to

satisfy the Rule, but "whether joinder of proposed class members is impractical."

Armstead v. Pingree, 629 F.Supp. 273, 279 (M.D. Fla. 1986).  Parties seeking class

certification do not need to know the "precise number of class members," but they

"must make reasonable estimates with support as to the size of the proposed class."

Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D. Fla. 2000).  The Eleventh

Circuit has held that "[g]enerally, 'less than twenty-one is inadequate, more than forty

adequate.'"  Cheney v. Cyberguard Corp., 213 F.R.D. 484, 490 (S.D. Fla. 2003)

(quoting Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986)).

At oral argument, counsel for Plaintiffs submitted investor lists to provide the

4

basis for an estimate that the proposed class is approximately 600 investors and could be as high as 1200. Defendants did not contest these numbers, but argued that rather than "investors," these individuals are properly characterized as "clients." However, Defendants did not set forth any principled basis as to why these individuals are not properly included in the proposed class. Accordingly, the Court finds that the numerosity requirement is satisfied.

### 2. Commonality

Rule 23(a)'s commonality prerequisite requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). However, it "does not require that all of the questions of law or fact raised by the case be common to all the plaintiffs." Walco Invs., Inc. v. Thenen, 168 F.R.D. 315, 325 (S.D. Fla. 1996). The commonality element is generally satisfied when a plaintiff alleges that "[d]efendants have engaged in a standardized course of conduct that affects all class members." In re Terazosin Hydrochloride, 220 F.R.D. 672, 687 (S.D. Fla. 2004). However, "a class action must involve issues that are susceptible to class-wide proof." Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001).

Plaintiffs' Motion argues that all members of the proposed class were victimized by the same fraudulent scheme perpetrated by Defendants and suffered the same type of damages (monetary loss) due to the same unlawful conduct. The common issues of law and fact in this case include:

- whether the federal securities laws were violated by Defendants' alleged acts;
- whether Defendants offered and sold unregistered securities;
- whether Defendants participated in and pursued the fraudulent scheme or

course of business complained of;

- whether Defendants breached any duty to convey material facts or to correct material facts previously disseminated;

- whether Defendants acted willfully, with knowledge or recklessly, in omitting and/or misrepresenting material facts; and

- whether the members of the proposed class were damaged by Defendants' course of conduct.

These common questions of law and fact satisfy the commonality requirement of Rule 23(a)(2).

### 3. Typicality

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied where the named plaintiffs' claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984), cert. denied, 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985); see also CV Reit, Inc. v. Levy, 144 F.R.D. 690, 696 (S.D. Fla. 1992). As the Supreme Court has noted, the "commonality and typicality requirements of Rule 23(a) tend to merge." See General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 157 n.13 (1982); see also Griffin v. Dugger, 823 F.2d 1476, 1489 n.31 (11th Cir. 1987). For the reasons articulated in the preceding section, this Court finds that the typicality requirement is met in this case.

### 4. Adequacy of Representation

The Court must be satisfied that the "representative parties will fairly and

6

adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This requirement applies to both the named plaintiffs and their counsel.  London v. Wal-Mart, Inc., 340 F.3d 1246, 1253 (11th Cir. 2003).  The purpose of the adequacy requirement is to protect the legal rights of the unnamed class members.  Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 726 (11th Cir. 1987), cert. denied, 485 U.S. 959 (1988).  "This 'adequacy of representation' analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action."  Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted).

In the present case, the Court finds that the named Plaintiffs are members of the class and possess the same interests as the other class members.  Further, the Court is aware of no conflicts that would preclude the named Plaintiffs or their counsel from protecting the interests of the proposed class.  In addition, Plaintiffs' counsel has set forth substantial qualifications and experience in the handling of similar matters.  See Motion at 15-16.  Accordingly, the Court finds that the requirement of Rule 23(a)(4) is satisfied.

**B.  Rule 23(b) Requirements**

Plaintiffs seek class certification under Rule 23(b)(3), arguing that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  In order to be certified under Rule 23(b)(3), an action must satisfy both the predominance and superiority

requirements.

### 1. Predominance

The Rule 23(b)(3) predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 117 S.Ct. 2231, 2249 (1997).  In order to satisfy the predominance requirement, "'the issues in the class action that are subject to generalized proof and, thus, applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'" Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1005 (11th Cir. 1997) (quoting Kerr v. City of W. Palm Beach, 875 F.2d 1546, 1558 (11th Cir. 1989)). The predominance requirement focuses on legal and factual inquiries that qualify each member's claim as a controversy, and it is "far more demanding" than the commonality requirement.  Id.

In this case, Plaintiffs allege two distinct causes of action:  (1) the sale of unregistered securities under § 5(a) of the Securities Act, and (2) securities fraud under Section 10(b) of the Exchange Act.  As these causes of action involve different elements, the Court will address each cause separately.  Generally, class actions are "a particularly appropriate means for resolving securities fraud actions."  In re AmeriFirst Sec. Litig., 139 F.R.D. 423, 427 (S.D. Fla. 1991).  However, individual issues of reliance may sometimes render a securities class action inappropriate.  See, e.g., Hamilton Partners, Ltd. v. Sunbeam Corp., 2001 WL 34556527 (S.D. Fla. July 3, 2001).

The elements of a claim for the sale of unregistered securities are (1) lack of a registration statement as to the subject securities; (2) the offer or sale of the securities; and (3) the use of interstate transportation or communication and the mails in

8

connection with the offer or sale. See 15 U.S.C.A. § 77e; see also Berckeley Inv.

Group, Ltd. v. Colkitt, 455 F.3d 195, 212 (3rd Cir. 2006). Therefore, claims for the sale

of unregistered securities do not involve individual issues of reliance. Accordingly,

courts have found that cases involving such claims meet the predominance requirement

of Rule 23(b)(3). See Cooper v. Miller Johnson Steichen Kinnard, Inc., 2003 WL

1955169, *5 (D. Minn. Apr. 21, 2003) (finding action involving claims for the sale of

unregistered securities "easily" meets the predominance requirement); Dietrich v.

Bauer, 192 F.R.D. 119 (S.D.N.Y. 2000) (finding action involving claims for sale of

unregistered securities satisfies the predominance requirement).

     The element of reliance is, however, required to establish Plaintiffs' securities

fraud claims. Nevertheless, the Court finds two reasons why individual issues of

reliance do not prevent certification of the proposed class.

     First, Plaintiffs may take advantage of the Affiliated Ute presumption of reliance.

In Affiliated Ute, the Supreme Court stated that a class-wide presumption of reliance

may be appropriate in cases involving "primarily" omissions. See Affiliated Ute Citizens

of Utah v. United States, 406 U.S. 128, 153-54 (1972). Federal courts, including the

Eleventh Circuit, have interpreted the Affiliated Ute presumption to apply to cases

predominantly alleging fraudulent omissions but not to cases involving "mixed"

allegations of omissions and misrepresentations. See Cavalier Carpets, Inc. v. Caylor,

746 F.2d 749, 756 (11th Cir. 1984). Here, Plaintiffs allege: "MRT's true financial

condition and its total dependency upon new investors has not been revealed to the

class." Complaint ¶ 42. Although Plaintiffs also allege misrepresentations, the heart of

the claim is that Defendants failed to inform investors that any and all returns depended

on the contribution of monies from new investors, that is the Defendants' Ponzi

scheme. Courts have found the <u>Affiliated Ute</u> exception applicable where plaintiffs

allege a fraudulent Ponzi scheme. <u>See</u> <u>Getty v. Harmon</u>, 1998 WL 919368, *5 (W.D.

Wash. Oct. 23, 1998); <u>Walco</u>, 168 F.R.D. at 331-32; <u>In re Home-Stake Production Co.</u>

<u>Securities Litigation</u>, 76 F.R.D. 351, 371 (D.C. Okla. 1977).

     In addition, Plaintiffs may also rely on the class-wide presumption of reliance

provided by the "fraud created the market theory." In order to rely on the "fraud created

the market theory," a plaintiff must establish that the security at issue would have been

unmarketable but for the alleged fraud. <u>See</u> <u>Ross v. Bank South, N.A.</u>, 885 F.2d 723,

729 (11th Cir. 1989). This burden "is a substantial one" requiring a showing that the

fraud is so pervasive that "it goes to the very existence of the bonds and the validity of

their presence on the market. If the plaintiff 'proves no more than that the bonds would

have been offered at a lower price or a higher rate, rather than that they would never

have been issued or marketed, he cannot recover.'" <u>Id.</u> (quoting <u>Shores v. Sklar</u>, 647

F.2d 462, 470 (5th Cir. 1981) (in banc), <u>cert. denied</u>, 459 U.S. 1102, 103 S.Ct. 722, 74

L.Ed.2d 949 (1983). At oral argument, Plaintiffs' counsel asserted that he has not been

able to discover any legitimate source of income generated by MRT, other than the

assets produced from the fraudulent Ponzi scheme. Therefore, the Court finds that the

securities at issue would have been unmarketable but for the alleged fraud.

     In light of the foregoing, the Court finds that the plaintiff has satisfied the

predominance requirement of Rule 23(b)(3). <u>See</u> <u>Amchem</u>, 117 S. Ct. at 2250

("Predominance is a test readily met in certain cases alleging consumer or securities

fraud or violations of the antitrust laws.").

10

2. Superiority

In many respects, the predominance analysis has a tremendous impact on the superiority analysis for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims.  Klay v. Humana, Inc., 382 F.3d 1241, 1269 (11th Cir. 2004).  Here, the proposed class members' claims are predicated on a common set of facts and concern the same scheme, thus, it will be unnecessary to hear testimony from every individual class member.  In addition, because this controversy involves many common questions of law and fact, a class action will be superior to other available methods for fairly and efficiently adjudicating this controversy.  Accordingly, this Court is convinced, based on the record before it, that Plaintiffs have met their burden to show that the requirements of Rule 23(b)(3) have been met.

### III. CONCLUSION

Based on the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   Plaintiffs' Motion to Certify Class Action [DE 26] is **GRANTED**.

2.   The named plaintiffs are designated as representatives of a class consisting of all purchasers of investment contracts with MRT, LLC or MRT Holdings, LLC, who purchased said investment contracts from March 1, 2006 through October 5, 2007.

3.   Sonn & Erez, PLC is appointed as Class Counsel.

4.   Plaintiffs shall prepare and file with the Court no later than **November 7, 2008**, a proposed notice to be sent to the individual members of the class

11

pursuant of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

5.     Defendants shall file with the Court any objections to such notice no later

than **November 14, 2008**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this _24th_ day of October, 2008.

James I. Cohn
**JAMES I. COHN**
**United States District Judge**

Copies provided to:

Counsel of record