UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61438-CIV-COHN/SELTZER

MARVIN KATZ, et al., on behalf of himself
and all others similarly situated,

    Plaintiffs,

v.

MRT HOLDINGS, LLC, JAMES R.
CLEMENTS, and ZEINA O. SMIDI,

    Defendants.
_____/

## ORDER REGARDING PROPOSED CLASS ACTION NOTICE

**THIS CAUSE** is before the Court upon Plaintiffs' Notice of Filing Proposed Class Action Notice [DE 46] ("Notice").  The Court has carefully considered the Notice, the record in this case, and is otherwise advised in the premises.

**1.   Method of Notice**

Plaintiffs argue that they should be allowed to provide notice of this class action to potential class members solely through the method of publication as opposed to individualized notice.  (Notice at ¶ 4.)  Rule 23(c)(2)(B) provides in part that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  The United States Supreme Court has declared that subdivision (c)(2)(B) expresses an "unambiguous requirement" that "individual notice must be provided to those class members who are identifiable through reasonable effort."  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 175-76 (1974).  Further, because "notice by publication" has "long been recognized as a poor substitute

for actual notice," its justification is "difficult at best." Id. at 175 (quotation omitted). Accordingly, publication notice "is to be used only when circumstances make it impracticable to gain the names and addresses of class members and notify them individually of the action's pendency." In re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088, 1099 (5th Cir. 1977).

Relying on Schwarzschild v. Tse, 69 F.3d 293 (9th Cir. 1995), Plaintiffs claim that notice is no longer required in this case because a default has been entered against Defendants; therefore, notice by publication is sufficient under these circumstances. Schwarzschild involved a situation where defendants obtained summary judgment before notice was sent out to the class. See Schwarzschild, 69 F.3d at 294-95. The court ruled that defendants waived their right to have such notice provided and to obtain a judgment that was binding on the class. Id. at 297. The Ninth Circuit reasoned that (1) Rule 23(c)(2) contemplates that notice will be sent out before a "judgment" is rendered, see id. at 296, and (2) notice would serve no purpose because the district court's grant of summary judgment bound only the named plaintiffs. See id. at 297. Here, although there has been an entry of default against Defendants, a default "judgment" has not yet been entered. In addition, Lead Counsel will presumably seek a default judgment in favor of the class rather than on behalf of the named plaintiffs. Therefore, providing notice in this action is required to (1) inform the potential class members of the class action, (2) allow such members the opportunity to "opt-out," and (3) obtain information from class members to facilitate the assessment of damages and the distribution of any potential recovery.

The Court is aware that Defendants did not cooperate with Plaintiffs in the

2

discovery process. Nevertheless, Lead Counsel has represented to the Court that it has interviewed former employees of Defendants and potential class members, and has obtained documents through such efforts. Plaintiffs also filed an investor list with the Court in connection with Plaintiffs' Motion to Certify Class Action [DE 42] which contained the full names of potential class members. Therefore, Lead Counsel must take reasonable steps based on the information in its possession to identify the mailing addresses of potential class members and mail individualized notice to all such persons that can be identified. In addition, Lead Counsel is required to supplement this process with the publication notice described in the Notice. See Gross v. Barnett Banks, Inc., 934 F.Supp. 1340, 1345 (M.D. Fla. 1995) (finding that supplementing individual notice with publication notice represents an appropriate balance between protecting class members and making class actions workable).

**2.   Sufficiency of Notice**

The Court reviewed the proposed Notice of Pendency of Class Action, Re: MRT, LLC, MRT Holdings, LLC submitted with the Notice and finds that, subject to the following revisions, it satisfies the requirements of Rule 23(c)(2)(B)(i)-(vii). First, the misspelling of word "with" shall be corrected in the first sentence. Second, the third paragraph describing the "purpose of this Notice" shall be revised to read:

> The purpose of this Notice is to explain to you: (1) the nature of the Lawsuit and the Class claims, issues or defenses; (2) the definition of the Class; (3) that a Class member may enter an appearance through an attorney if the member so desires; (4) that the court will exclude from the Class any member who requests exclusion; and (5) the binding effect of a Class judgment on Class members.

Third, the second sentence in the section entitled "The Nature of the Action and the

Class Claims, Issues or Defenses" shall be revised to read: "MRT Holdings, LLC, Clements and Smidi have defaulted in the Lawsuit, which means that the factual allegations against these Defendants are assumed to be true for purposes of the Lawsuit." Fourth, the first sentence in the section entitled "Exclusion from the Class" shall be replaced with the following two sentences: "If you wish to remain in the Class YOU DO NOT NEED TO TAKE ANY ACTION. However, to facilitate any potential recovery, you should contact Class Counsel at your earliest possible convenience to discuss your potential damages." Finally, the second sentence in the section entitled "Exclusion from the Class" shall be revised to read: "If you exclude yourself from the Class you will not participate in any settlement or favorable judgment in the Lawsuit but you will also not be bound by an unfavorable judgment." Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' proposed Notice of Pendency of Class Action, Re: MRT, LLC, MRT Holdings, LLC is **APPROVED** subject to the revisions discussed in this Order.

2. Lead Counsel shall publish the revised Notice of Pendency of Class Action, Re: MRT, LLC, MRT Holdings, LLC via the means described Plaintiffs' Notice of Filing Proposed Class Action Notice [DE 46].

3. Lead Counsel shall take reasonable effort to identify the names and addresses of potential class members and shall mail individualized notice to all potential class members for whom an address is identified.

4. Lead Counsel shall file an affidavit with the Court by **December 24, 2008** describing the effort taken to identify contact information for potential

class members and indicating the number of individualized notices that were sent to potential class members.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of November, 2008.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record